UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| IN RE: | ) | Case No.: 20-01278-jw |
| | ) | |
| Jonathan K. Smith | ) | Chapter:  13 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | AFFIDAVIT OF JANE H. DOWNEY |

I, Jane H. Downey, being and deposed do hereby affirm as follows to the best of my knowledge:

1) On or about January 7, 2019, Smith Concrete Products Inc. (the "Business") retained my legal services to assist with financial options, including bankruptcy.

2) Due to various issues, including cash flow, at that time the Business opted not to file bankruptcy and pursued workout arrangements with individual creditors including Synovus.

3) Debtor had signed a personal guarantee of the Synovus debt and had pledged certain commercial real estate he owned as collateral for the guarantee.

4) On or about January 26, 2019, the Synovus loan matured and the note holder began to pursue collection of the note against the Business and the guarantor of the note, Jonathan Smith.

5) On or about March 27, 2019, Synovus sold the loan to Central Penn Capital Management ("CPCM").

6) In May 2019, the parties entered into a forbearance agreement, but by September, the Business had defaulted.

7) Consequently, on or about September 18, 2019, CPCM initiated foreclosure.

8) Although Debtor and the Business continued to negotiate with CPCM and obtain alternate financing, they were unsuccessful.

9)  On or about March 2, 2020, CPCM sold the real property at a foreclosure sale and sought a deficiency.

10) On March 2, 2020, the Business filed a *pro se* Chapter 11 case and on or about March 6, 2020

requested dismissal, opting instead to file a personal chapter 13 case.

11) On March 10, 2020, Debtor filed a personal *pro se* Chapter 13 bankruptcy case.

12) On or about March 10, 2020, the court filed Notice of Filings Due for Debtor's remaining

schedules, Statements and Plan with a deadline of March 24, 2020.

13) On or about March 23, 2020, I caused to be sent to the Debtor the retainer letter ("Retainer

Letter") attached as **Exhibit A**.

14) On or about March 23, 2020, my office received an email message with the signed documents

embedded with one of the signature pages (page 6) as an attachment, see **Exhibit B**[1].

15) Page 1 of the retainer letter contemplates hourly billing at a rate of $420 per hour for me and

$220 per hour for my assistants if the case takes more than 10 hours to prepare.

16) Page 3 of the Retainer Letter provides:

> You may have issues particular to your own case that
> require time spent investigating or consulting with others
> or legal research of state or federal law. I will charge you
> an additional fee either in advance of your bankruptcy
> filing as a charge separate from your bankruptcy fee or
> after your case has been filed, depending upon the
> timing of the research. Unless otherwise agreed, I will
> charge you the applicable hourly rate or flat fee of $600
> plus costs.

---

1) [1] On the day of the hearing for the application for supplemental fees, my paralegal did a word
search in the file for the retainer so that she could provide the court with the signed retainer as
requested in the hearing. When she did the search the only signed document of the retainer
that appeared was the attached page 6 of the signed retainer email. The other signed pages did
not appear in her search because they were embedded in the email and not saved as a jpg or
pdf. Therefore, she had the Debtor resign the retainer letter on the day of the hearing not
remembering for certain it was already saved in the file. The document in Exhibit B should
have been filed on the day of the hearing. Debtor also signed the fee application
acknowledging his willingness to pay the fees requested, which previously was presented to
the court.

17) The Disclosure of Additional Attorney's Fees and Fee Agreement attached to the Retainer Letter provides for a fee of $420 per hour for representation in contested matters or negotiation.

18) Because my Retainer Letter on page 1 contemplates using assistants who bill at lower rates than $420 per hour I used them where appropriate and cost effective to do so.

19) My lead paralegal in this matter is Corey S. Freeman who for the last eleven years has been working primarily for me handling bankruptcy cases. She received her bachelor's degree from the University of South Carolina in August of 2006 and also received her paralegal certificate from the University of South Carolina in April of 2013. My other paralegal, Jessica Nystrom has been certified as a Certified Bankruptcy Assistant through the Association of Bankruptcy Judicial Assistants since 2014 and has been working almost exclusively in bankruptcy cases for fourteen years.  She has both undergraduate and graduate degrees.

20) I have a file on the company, which was billed mostly until the bankruptcy case began and then I opened an individual file for the Debtor.  The fees requested are those billed for the individual's case once he filed his Chapter 13 and retained me.

21) My computer file on the Debtor alone contains approximately 1500 saved documents and emails since the filing of the ch 13 case.

22) I did not save every email or document every telephone conversation.  I was available on nights, weekends, holidays and vacations, mostly to assist Debtor with his attempt to obtain alternative financing.  Debtor had my cell phone number and particularly after normal business hours, I often answered him from my phone.  Periodically, when I emailed back and forth I only billed a .1 for the total, not every separate email.

23) The bulk of the time charged in this case has been related to overcoming feasibility problems, determining claims and figuring out how to pay claims, which has included advising the Debtor on outside financing or issues pertaining to possible step payment options.  Had Debtor simply filed a routine plan that pays creditors in the plan in 60 months, the plan would

not have succeeded.  Upon failure, CPCM would have concluded the foreclosure, the
Debtor's business would have failed and he most likely would be unemployed and potentially
homeless.  Working out the lien of CPCM has had a domino effect on Debtor's ability to pay
other creditors in the case.  Doing so has required an extensive time commitment.

24) The case has been very time consuming for the reason the cash flow of the business has not
been sufficient to afford Debtor with regular income sufficient to fund a plan. While it in
some respects creating a particular document may not seem more complicated than some
business-related chapter 13 cases, it is a difficult case due to the feasibility issues.  For that
reason, I have had to think outside the box, as I learned from George Cauthen.

25) Furthermore, Debtor sometimes has been certain he would obtain funding then last minute
not be able to follow through, requiring creativity and an irregular plan.  For example, the
provisions set forth in the plan as to how to pay CPCM differ from the norm such that
someone without years of bankruptcy experience or expertise might not try.  Given the equity
in the collateral and the two obligors, Debtor had to work out an agreement with CPCM or
obtain alternative financing to make his plan succeed, to assist Debtor in keeping his
business.  With Counsel's help, Debtor has held on for almost 2 years, a year of which has
been spent almost exclusively on resolving issues and objections needing to get the case
confirmed.

26) A lot of time has been spent behind the scenes more so than is evident from the pleadings.
The court noted on page 8 of its order the case "was not heavily litigated, nor did it appear to
require extraordinary negotiations or novel approaches",  however that is not the case
entirely.  While Counsel may have made the case look easy, to obtain confirmation of the
case required hours of coordination, negotiation, prodding the Debtor in various ways and
constant communication to keep the case from failing.  When one part failed, I had to think of
another tactic to glue the case back together and attempt strategy from a different angle.

Much of the reason there was little contest was because of the private conversations which
occurred as part of the strategy.

27) The matters with CPCM were very time consuming.  Counsel assisted the Debtor with
various refinance opportunities and consulted with Debtor extensively about his own ideas
and possible sources. Debtor made a settlement offer which upon negotiation CPCM
accepted, only the Debtor was unable to comply.  Debtor found a contact in Charlotte, then
Atlanta who assured him he qualified for a loan out of California.  Debtor filed an emergency
motion for the loan to close.  Debtor attended the closing as soon as his lawyer received the
closing loan documents, however the lender failed to fund the loan.  I spoke extensively to
the broker and closing lawyer in addition to the Debtor about the status of the loan funding.  I
had many conversations with CPCM to extend the deadline to pay.  I negotiated a
subordination agreement with a judgment creditor and for the tax liens. I negotiated with
CPCM for Debtor to pay several penalty payments for not closing the loan on time, as CPCM
waited to be paid in full.  Eventually Debtor gave up, and CPCM asked him to make an offer.
Debtor and his Counsel went back to the drawing board so to speak and eventually were able
to negotiate a settlement with CPCM.  I reviewed and revised a forbearance agreement and
other relative documents regarding the settlement and advised Debtor regarding the
documents, which is also extraordinary for a typical chapter 13 business debt case. The
settlement requires Debtor to pay out the loan prior to the end of the case, so Debtor has been
working on financial opportunities, including a PPP loan for his business or a SBA loan.
Again, outside a normal business related 13 case, I have continued to provide advice to
Debtor as solicited.  The hand holding on the business side has been necessary to keep the
case alive as Debtor has not been able to navigate the details of financing options alone.
Such is more time consuming than ordinary business related chapter 13 cases.

28) The court noted the motions to value the IRS and DOR liens were routine.  The efforts
required more than a simple motion.  In order to propose a workable plan, Counsel had to

31) The services Counsel performed benefit the Debtor and carry over as a benefit to his business. Counsel and the Debtor discussed whether to have the business pay for the services, including the excessive negotiations with CPCM or to work it into the Debtor's plan payment. Debtor believed he had a better chance of paying counsel if part of his regular plan payment. While the payment of fees appears to impact the distribution to creditors, they do not because they are built in to pay Counsel. If the Debtor's business were paying Counsel, the plan payment would not have been proposed to be so high. In other words, if the fees are not approved, Debtor will seek to reduce the plan payment to pay the same percentage to unsecureds as they are with fees budgeted.

32) With the no look fee, most cases proceed to confirmation in a timely manner, within 3 or four months from filing. Because of feasibility issues that had to be resolved, this case took six months to confirmation and during that additional time, Counsel was actively working with Debtor and CPCM as well as other creditors to formulate a viable plan. Even after confirmation, Counsel has continued to work with the Debtor on financial options, including alternative financing and a motion for a moratorium or a plan that removes fees for it to seemingly be more feasible or affordable. For example, Debtor has not made a plan payment since October, citing rainy weather negatively impacting his business as the reason. After the fee application, Counsel filed a motion for a moratorium after consulting with the Chapter 13 trustee.

33) While the overall description of duties, such as negotiating with creditors, filing pleadings and attending hearings sounds routine, the amount of time Counsel devoted to these activities in this case differed from most primarily business chapter 13 cases. The unanticipated event in this case to justify the fees in addition to the no look fees are the extraordinary amount of time devoted to the case. For example, Counsel has approximately 1500 documents and emails in her computer file, and she did not keep or record all of the time devoted to the case. The time devoted by Counsel differs from most business 13 cases because of the negotiation

with CPCM to settle the payout of its lien and the involvement Counsel dedicated to the

business aspects, such as speaking for hours with potential lending sources.  Counsel's

services exceeded what a subchapter V trustee's role would be in a Chapter 11 case.  This

fees in this case are unusual due to the time commitment required to get the Debtor to

confirmation in contrast to the supplemental fees ordinarily being for unanticipated events

occurring postconfirmation, such as the Motion for Moratorium Counsel recently filed in

response to the Trustee's Petition to Dismiss.  Such services rendered her preconfirmation

were unanticipated preconfirmation services in addition to those services contemplated in

footnote 8 of the court's order.

34) In an effort to put some of this in perspective, Counsel submits a different format

demonstrating her itemized fee description, removing entries the court may deem duplicative

or administrative, adding a few missing entries she found while investigating time, updating

new time since she filed the fee application and separating time entries showing

differentiation from the standard no look fee, while still itemizing what services were

performed within the no look fee, see **Exhibit C**.

35) Counsel has no objection to reducing paraprofessional billing entries further or  reducing her

time cost to make the case more affordable to the Debtor, but given the extraordinary results

and time spent on the case, I would like to be compensated more than the standard no look

fee.  Even in matters that would normally be considered services within the no look fees, the

court can see more time was spent than the no look fees contemplate.

Jane H. Downey

SWORN TO BEFORE ME THIS
5 day of February , 2021.
Corey S. Freeman
Notary Public for South Carolina
My Commission Expires: 1|15|30



**MOORE | TAYLOR**
LAW FIRM

*Jane H. Downey*
*Direct dial: 803-454-1983*
*jane@mttlaw.com*

S. Jahue Moore†
J. Mark Taylor*
C. Vance Stricklin, Jr.
James Edward Bradley†
Sheila McNair Robinson
Christian G. Spradley
William H. Edwards
Stanley L. Myers
Jane H. Downey♦
S. Jahue Moore, Jr.
John C. Bradley, Jr.
Melissa K. Moore
William B. Fortino
Ralph Nichols Riley, Jr.
Amber Cary Fulmer
Lester McGill Bell, Jr.
Bryan C. Letteer
Edward Hood Dawson
Sierra D. Carini
Nicole E. Jackson
-----------------
Robert D. Hazel‡
C. David Sawyer, Jr.‡
Billy C. Coleman
1916-2019

EXHIBIT
A

March 23, 2020

Jonathan K. Smith
2670 Sumter Hwy
Bishopville, SC  29010

Re:    Jonathan K. Smith
       Chapter 13
       Retainer

Dear Jonathan:

This letter will serve as my retainer letter to define the services you have asked me to provide. You have requested I represent you in the Chapter 13 case you filed by yourself. I have agreed to take over as counsel for you on your Chapter 13 bankruptcy case for a nonrefundable initial base fee of $4,500 or my hourly rate whichever is higher. Of this, you have paid $2,000. I will ask for the fees to be paid through the plan but in the event they are not, such as if your case is dismissed, you will be liable for payment to me of the entire amount, regardless if your case succeeds. I have earned that entire fee as of the filing of your case. You do not get a discount off my fee if your case fails even if it fails prior to confirmation. You fee does not include researching information you have provided to determine whether it is correct or complete. You should consider hiring someone to perform a title search or judgment search for you.

Your initial fee includes analyzing your case from your questionnaire and documents you provide to me, offering bankruptcy options to you, inputting your paperwork, spending a reasonable amount of time answering questions, filing your case, including your first plan, attending your first scheduled meeting of creditors, and working with the Trustee to get your plan confirmed.   My flat fee will include work performed until confirmation except for drafting or responding to motions. I will bill you $600 for most objections I file on your behalf both before and after confirmation. I will charge you an additional $420 per hour for court appearances pertaining to the objection or appearing in court because of an objection the Trustee or another creditor files in your case. Upon confirmation, I will remain your attorney, but you will need to pay me an additional fee for further work performed, as described above and in the attachment to this letter. Typically, I can put these fees in your plan payment. I will provide you with a list of standard expenses upon your request. You must pay my out of pocket costs, such as court costs, in advance of filing the pleading.

I may switch to hourly billing if your case takes more time than 10 hours to prepare. If I switch to hourly billing my hourly fee will be based upon the going rate at the time of service, and I will notify you of any change prior to billing you at a higher rate. Currently, my hourly rate is $420. I have assistants who bill at a rate of $220 per hour, and I will use them where economical for you while still providing you with quality service.

If I am billing you hourly, I will bill you separately for all work until confirmation and after including telephone conferences, appearances, research or documents filed. I will bill you for my fees and costs. You

†Member of American Board of Trial Advocates    *Fellow of the American Academy of Matrimonial Lawyers    ♦Certified Specialist in Bankruptcy & Debtor/Creditor Law    ‡Retired

will pay third party costs in advance. My fee is charged and the money paid is nonrefundable for any reason, even if your case is not confirmed. You will need to pay $33 for one credit report, which I will pull. If I must pull an automated appraisal, you may have to pay an additional cost of $17. If you cannot provide copies of tax returns, I may charge you to obtain a tax transcript. You filed a motion *pro se* to pay the filing fee in installments and will need to follow the court order regarding installment payments.

My representation or fee does not include representing you in adversary proceedings. If you need to file or defend an adversary proceeding, we can discuss the possibility of your retaining me to represent you. My fee will be at least $420 per hour plus costs unless otherwise agreed. If I file or defend an adversary proceeding, you will be deemed to have agreed to this rate unless otherwise stated by a separate retainer agreement.

If you later choose to convert to a case under Chapter 7, I will charge you the remaining balance of your Chapter 13 fee plus an additional fee of $900.    There is a Court fee of $25 to convert and $31 to add creditors. These fees and costs are payable in advance of converting your case.

If the Court dismisses your case before confirming your plan, you may be entitled to a refund of your payments to the Trustee. By signing this letter, you give this firm a lien upon your refund check. This means you authorize this firm to apply the Trustee check toward the balance of any attorney's fees you owe this firm.

Once your paperwork is completed, you will need to review the petition, schedules and statements I prepare to ensure their accuracy and sign them under oath. **It is also very important that you disclose all of your prior bankruptcy cases.** You need to be sure these cases, if any, are listed on the petition. If they are not, the Court may disgorge my fee or dismiss your bankruptcy case. If this happens, I will withdraw as counsel and you must reimburse me for the portion of my fee disgorged. By signing this letter, you agree to these terms.

You must completely and timely respond to my questionnaire, including providing me with a list all of your creditors and their addresses, the amount of your liabilities, your assets, your last filed tax return and your last 6 months' worth of pay stubs. If you fail to cooperate or delay in getting information to me, I will charge you more or withdraw from your case and keep all money paid toward fees and costs as fees earned. If you terminate the attorney-client relationship, I also will keep all fees paid and expect payment for the remainder of the billing for any claims for fees filed in your case.

I will rely on the accuracy of the information you have provided to me. Ultimately, **you are solely responsible for any errors or omissions.** The Trustee will ask you under penalty of perjury at the first meeting of creditors if you have listed all of your assets and debts and liabilities and if everything on your petition, schedules and statements is correct. If you think of any changes, you need to let me know, so that we can file an amendment. I will not charge you a fee to prepare a first amendment. However, my fee for any other amendments will be $500 for amendments to schedules, statements and your means test and $500 for other matters. If there is a court cost associated with filing the amendment, you will need to pay that.

Certain creditors may have liens or judgments upon your real property. I must have a copy of the lien or judgment in order to know how to treat the creditor correctly in the bankruptcy. I strongly recommend you go to the courthouse and ask the RMC office to assist you in determining what liens and judgments are filed against you. I cannot be held responsible if you do not provide me a copy of the liens or judgments. I do not perform title work as part of the fee you pay to me. There are various companies in the area who do perform title searches for a fee if you are unable to gather this information from the RMC office.

Once you have filed bankruptcy, some creditors cease sending payment notices. If you intend to keep the collateral, and your plan states you will continue paying this creditor directly, you will need to make the appropriate payment. You can contact the creditor directly and ask the creditor to resume sending you payment notices.

You have a duty to amend your bankruptcy schedules if you acquire property after you file your case. If you obtain property after you file, let us know immediately so we are able to amend your schedules. This is particularly important if you become a Plaintiff in a lawsuit or have a right to sue someone, but applies to all assets you may acquire after filing your case.

If your payment is being made inside the plan, it is your responsibility to make sure the secured creditor has filed a claim. If not, you can file your own claim for this creditor, ask the creditor to file its claim or ask me to assist you in filing a claim on behalf of the creditor. My cost for filing the claim typically is $300. If the creditor is not paid in the bankruptcy, the creditor may seize the collateral after the bankruptcy is over. You can check www.13network.com to ensure secured creditors have filed claims. Twice a year, you will receive a statement from the Trustee showing the creditors who have filed claims. There may be certain unsecured creditors for whom you want to file a claim or be sure they have filed a claim. These include nondischargeable debts such as student loans or support payment.

Upon filing your Chapter 13 plan, you understand that most likely the Trustee will seek to deduct the plan payment directly from your paycheck, you can make the payment online or by mailing a check. You need to specify in your plan if you do not consent to such. If you consent, the Trustee will contact the employer listed on Schedule I. If there is a specific address to which you want the wage order sent, you need to specify that on Schedule I or in your plan. If you are married filing bankruptcy jointly, you may want to specify the source of the plan payment as being from only one spouse's paycheck. In reviewing your plan, it is your responsibility to ensure the information concerning wage deduction is as you want it to be.

Pursuant to 11 U.S.C. §107, documents filed with the court are public records and these records are available electronically via ECF/PACER. This allows the public to access your bankruptcy papers filed with the Court.

If you want me to attempt options other than bankruptcy, such as contacting your creditors to provide a payment plan or to negotiate a settlement or to file a lawsuit, you must provide me with your loan information and request such in writing. You also must pay any additional fee we agree upon. At this point, my representation of you does not include anything other than what is listed in this letter and on the Disclosure of Compensation Statement I will file with the Court. For example, you have not hired me to defend a foreclosure action or file an adversary proceeding.

You may have issues particular to your own case that require time spent investigating or consulting with others or legal research of state or federal law. I will charge you an additional fee either in advance of your bankruptcy filing as a charge separate from your bankruptcy fee or after your case has been filed, depending upon the timing of the research. Unless otherwise agreed, I will charge you the applicable hourly rate or a flat fee of $600 plus costs.

Approximately 30 days after you file your petition, you will be required to attend what is known as a first meeting of creditors. I will attend that meeting with you. You must attend that meeting, or the Court can dismiss your case. If that happens, you will forfeit your money paid to me and any money you pay to the Court. Sometimes the Trustee will continue your meeting if you have good cause for missing it. If the Court continues your meeting, I will charge you an additional $420 or hourly billing as my fee for having to reappear.

The United States Trustee requires all debtors to provide proof of their identity and verification of their social security number at the meeting of creditors. To verify identification, you may produce a state issued driver's license. If you do not have a valid driver's license, you may produce a state issued identification card. You will have to verify your social security number by producing a social security card, an alien card, a copy of a W-2 form or tax return for the most recent tax year, or another form of appropriate documentation. If you appear at your meeting of creditors and are unable to provide this information, the Trustee may dismiss your case or reschedule your meeting of creditors. If the Trustee reschedules, I will charge the applicable hourly billing or $420 more to attend that meeting.

I will remain your attorney until the court closes your case. After that time, we will close and destroy our file. Because we may not retain originals of documents, we ask that instead of giving us originals, you provide us with copies, so that we do not destroy any document that is important to you. During the course of your case, we will try to email or mail a copy of the pleadings in your case along with all letters we send and receive. We do not have the capability of sending you a copy of every email, but during the course of the case, we will send you important emails. You may want to create a computer file so that you can save communication you receive from us in a place you later can retrieve easily without having to request another copy from us at an additional expense to you. In the event you need another copy, you may want to access the PACER website at https://ecf.scb.uscourts.gov/ or http://www.pacer.gov/ and for a nominal fee of $75, we can send you a second copy of the remainder of our file containing information such as documents you provided us and correspondence we sent and received. All documents you provide to us will be scanned in and paper copies will be shredded.

I have enjoyed working with you so far, and I hope that filing bankruptcy meets your needs. I have not guaranteed any results, including that you will be satisfied with having filed bankruptcy. Also, bankruptcy will stay on your credit rating for ten (10) years, and even longer for certain large loans. You have stated you understand this, and you still want to proceed with the filing.

Filing bankruptcy may result in a taxable gain for you. You should consult your accountant if you have questions about the taxable effect, as I have not rendered tax advice to you.

We have discussed the different bankruptcy chapters, and you feel that Chapter 13 is the appropriate Chapter for you to file. I have provided you with a brochure from the Trustee's office, explaining the different chapters and the goals of bankruptcy. At the meeting of creditors, the Trustee will ask whether you have read this brochure and understand it.

You understand that some debts are not discharged in bankruptcy. These include alimony, most student loans and payment for restitution. At least some of this debt can be paid in your plan. Failure to remain current on your postpetition support obligation is grounds for dismissal of your case.

If the aforesaid represents your understanding of my representation, and you agree to cooperate fully with me in that representation, I ask that you sign a copy of this letter. Even if you do not sign the letter, the aforesaid will be considered to summarize the scope of my representation of you in this matter, unless you respond differently in writing prior to the time I begin your paperwork.

Informed consent to our use of publicly available information about your case. Our representation will involve public filings of information about your case, however personally identifying information ("PII") such as Social Security numbers, dates of birth, minor names, and bank account numbers are redacted from any filing. Our representation may also result in a published decision in your case. We hereby seek your informed consent to refer to your case and/or to discuss information about your case that is contained in public records on our website, through social media accounts, and while speaking to the media, other lawyers and at educational programs. We would not discuss information that is nonpublic

and subject to attorney-client privilege, information that you have specifically asked us not to disclose, or information that we have reason to know would be embarrassing or detrimental to you. Our public discussion of your case might mean that the facts and law involved in your case expose you to publicity through internet searches and resulting contacts from other that you may not like. On the other hand, you may wish to have the circumstances of your case discussed by us to assist others who are in a similar position or for other reasons. Since the information is publicly available, you may be exposed to such publicity (e.g. your case might be commented on by legal journalists) even if you decide not to give the informed consent requested in this paragraph. By signing this retainer letter you are giving your informed consent to our firm referring to your case and/or to discussing information about your case contained in public records on our website, through social media accounts, and while speaking to the media, other lawyers and at educational programs. By giving this informed consent you recognize that such publicity may have material risks to you depending on your particular situation. If you would like to discuss the advantages, disadvantages and implications of your consent to the uses referred to in this paragraph, please contact the undersigned. You may revoke your consent at any time by written notice to our firm.

You understand I cannot file your case until you have provided me with a credit counseling certificate from an approved credit counseling agency. You must complete an approved credit counseling course within 180 days of your bankruptcy filing. You can find a list of approved credit counseling agencies online at http://www.doj.gov/ust/eo/bapcpa/ccde/cc_approved.htm#SC.   Likewise, you will be unable to receive your discharge unless you obtain a second certificate showing you have completed a financial management course from an approved agency and timely filed that certificate with the court.   Upon presenting the certificate to me, I will file it for you.

Respectfully yours,
MOORE TAYLOR LAW FIRM, P.A.


Jane H. Downey



I agree to the terms set forth herein:

_____Date:_____
Jonathan K. Smith

TO:     Trustee

RE:     Jonathan K. Smith
        Chapter 13
        Case No:

I hereby authorize the Trustee to send any refund that is owed to me directly to my attorney, Jane H. Downey and to make that check payable to her. This money serves as security for payment of attorney's fees pertaining to my bankruptcy case. I have given her and her firm a charging lien and retaining lien on all documents, property and funds relating to my representation as described herein as security for timely payment of all fees and costs due and payable. This lien is to protect Jane H. Downey and this law firm for work done or costs incurred.


_____

Jonathan K. Smith

### DISCLOSURE OF ADDITIONAL ATTORNEY'S FEE AND FEE AGREEMENT

The Debtor(s) and Jane H. Downey have agreed that certain fees are not included in the flat fee of $3,500 for individuals or $4,000 for primarily business debtors in Chapter 13 cases. Such fees arising during a Chapter 13 Bankruptcy for the United States Bankruptcy Court, the District of South Carolina are set forth as follows:

| | |
|---|---|
| Draft, file and Serve an Objection to Motion, including those to dismiss and Relief from Stay or Co-Debtor Stay | Amount $600 |
| Motion to Reinstate Automatic Stay or resumption of payment | Amount:$600 |
| Pre-Confirmation Plan Amendment | Amount:600 |
| Post-Confirmation Plan Amendment | Amount:$600 |
| Motion for Substitution of Collateral | Amount:$600 |
| Motion to Incur Debt | Amount:$600 |
| Motion to Sell Property | Amount:$600 |
| File Proof of Claim | Amount:$300 |
| Objection to Creditor's Proof of Claim | Amount:$600 |
| Motion for Moratorium | Amount: $600 |
| Amendment to Schedules and Statements after first amendment | Amount: $600 |
| Application for Settlement | Amount: $600 |
| Consent Order Approving Loan Modification | Amount: $600 |
| Consent Order Lifting the Stay | Amount: $600 |
| Representation in Adversary Action or Contested Matter | Amount: $420/hr |
| Negotiation with Creditors or Parties in Interest | Amount: $420/hr |
| Appearance at Continued Hearing | Amount: $300 |
| Travel to/from Spartanburg and Charleston | Amount: $900 |
| Motion (general) | Amount: $600 |
| Correspondence | Amount $600 |
| Loan Modification / Portal | Amount $1,500 or more |
| Loan Modification Appeal / Mediation | Amount $600 |

I understand and agree these fees are in addition to the $3,500 or $4,000 in expedited attorney's fees I agree to pay for filing the case and I agree to pay these additional fees directly or through a claim my attorney may file in my bankruptcy case.

_____    _____
Client                                    Date

**Corey S. Freeman**



**From:** Jonathan Smith <contact@smithsconcrete.com>
**Sent:** Monday, March 23, 2020 4:30 PM
**To:** Jane Downey; Corey S. Freeman
**Subject:** Fw: papers
**Attachments:** scan1jks.jpeg

Jon Smith

Smith's Concrete Products, Inc

---

**From:** Hannah Smith <hannah6066@gmail.com>
**Sent:** Monday, March 23, 2020 4:27 PM
**To:** Jonathan Smith <contact@smithsconcrete.com>
**Subject:** papers

### DISCLOSURE OF ADDITIONAL ATTORNEY'S FEE AND FEE AGREEMENT

The Debtor(s) and Jane H. Downey have agreed that certain fees are not included in the flat fee of $3,500 for individuals or $4,000 for primarily business debtors in Chapter 13 cases. Such fees arising during a Chapter 13 Bankruptcy for the United States Bankruptcy Court, the District of South Carolina are set forth as follows:

| | |
|---|---|
| Draft, file and Serve an Objection to Motion, including Motion to Dismiss and Relief from Stay or Co-Debtor Stay | Amount $600 |
| Motion to Reinstate Automatic Stay or resumption of payment | Amount $600 |
| Pre-Confirmation Plan Amendment | Amount 600 |
| Post-Confirmation Plan Amendment | Amount $600 |
| Motion for Substitution of Collateral | Amount $600 |
| Motion to Incur Debt | Amount $600 |
| Motion to Sell Property | Amount $600 |
| File Proof of Claim | Amount $300 |
| Objection to Creditor's Proof of Claim | Amount $600 |
| Motion for Moratorium | Amount $600 |
| Amendment to Schedules and Statements after first amendment | Amount $600 |
| Application for Settlement | Amount $600 |
| Consent Order Approving Loan Modification | Amount $600 |
| Consent Order Lifting the Stay | Amount $600 |
| Representation in Adversary Action or Contested Matter | Amount $420/hr |
| Negotiation with Creditors or Parties in Interest | Amount $420/hr |
| Appearance at Continued Hearing | Amount $300 |
| Travel to/from Spartanburg and Charleston | Amount $300 |
| Motion (generic) | Amount $600 |
| Correspondence | Amount $600 |
| Loan Modification / Portal | Amount $1,500 or more |
| Loan Modification Appeal / Mediation | Amount $600 |

I understand and agree these fees are in addition to the $3,500 or $4,000 in expedited attorney's fees I agree to pay for filing the case and I agree to pay these additional fees directly or through a claim my attorney may file in my bankruptcy case.

_____    3-23-20
(Signature)                Date

1

and subject to attorney-client privilege, information that you have specifically asked us not to disclose, or information that we have reason to know would be embarrassing or detrimental to you. Our public discussion of your case might mean that the facts and law involved in your case expose you to publicity through internet searches and resulting contacts from other that you may not like. On the other hand, you may wish to have the circumstances of your case discussed by us to assist others who are in a similar position or for other reasons. Since the information is publicly available, you may be exposed to such publicity (e.g. your case might be commented on by legal journalists) even if you decide not to give the informed consent requested in this paragraph. By signing this retainer letter you are giving your informed consent to our firm referring to your case and/or to discussing information about your case contained in public records on our website, through social media accounts, and while speaking to the media, other lawyers and at educational programs. By giving this informed consent you recognize that such publicity may have material risks to you depending on your particular situation. If you would like to discuss the advantages, disadvantages and implications of your consent to the uses referred to in this paragraph, please contact the undersigned. You may revoke your consent at any time by written notice to our firm.

You understand I cannot file your case until you have provided me with a credit counseling certificate from an approved credit counseling agency. You must complete an approved credit counseling course within 180 days of your bankruptcy filing. You can find a list of approved credit counseling agencies online at http://www.dol.gov/ust/r/o/bapcpa/ccde/cc_approved.htm#SC.  Likewise, you will be unable to receive your discharge unless you obtain a second certificate showing you have completed a financial management course from an approved agency and timely filed that certificate with the court.  Upon presenting the certificate to me, I will file it for you.

Respectfully yours,
MOORE TAYLOR LAW FIRM, P.A.

Jane H. Downey

I agree to the terms set forth herein:

Jonathan K. Smith                     Date: 3-23-20
Jonathan K. Smith



The United States Trustee requires all debtors to provide proof of their identity and verification of their social security number at the meeting of creditors. To verify identification, you may produce a state issued driver's license. If you do not have a valid driver's license, you may produce a state issued identification card. You will have to verify your social security number by producing a social security card, an alien card, a copy of a W-2 form or tax return for the most recent tax year, or another form of appropriate documentation. If you appear at your meeting of creditors and are unable to provide this information, the Trustee may dismiss your case or reschedule your meeting of creditors. If the Trustee reschedules, I will charge the applicable hourly billing or $420 more to attend that meeting.

I will remain your attorney until the court closes your case. After that time, we will close and destroy our file. Because we may not retain originals of documents, we ask that instead of giving us originals, you provide us with copies, so that we do not destroy any document that is important to you. During the course of your case, we will try to email or mail a copy of the pleadings in your case along with all letters we send and receive. We do not have the capability of sending you a copy of every email, but during the course of the case, we will send you important emails. You may want to create a computer file so that you can save communication you receive from us in a place you later can retrieve easily without having to request another copy from us at an additional expense to you. In the event you need another copy, you may want to access the PACER website at http://ecf.scb.uscourts.gov/ or http://www.pacer.gov/ and for a nominal fee of $75, we can send you a second copy of the remainder of our file containing information such as documents you provided us and correspondence we sent and received. All documents you provide to us will be scanned in and paper copies will be shredded.

I have enjoyed working with you so far, and I hope that filing bankruptcy meets your needs. I have not guaranteed any results, including that you will be satisfied with having filed bankruptcy. Also, bankruptcy will stay on your credit rating for ten (10) years, and even longer for certain large loans. You have stated you understand this, and you still want to proceed with the filing.

Filing bankruptcy may result in a taxable gain for you. You should consult your accountant if you have questions about the taxable effect, as I have not rendered tax advice to you.

We have discussed the different bankruptcy chapters, and you feel that Chapter 13 is the appropriate Chapter for you to file. I have provided you with a brochure from the Trustee's office, explaining the different chapters and the goals of bankruptcy. At the meeting of creditors, the Trustee will ask whether you have read this brochure and understand it.

You understand that some debts are not discharged in bankruptcy. These include alimony, most student loans and payment for restitution. At least some of this debt can be paid in your plan. Failure to remain current on your postpetition support obligation is grounds for dismissal of your case.

If the aforesaid represents your understanding of my representation, and you agree to cooperate fully with me in that representation, I ask that you sign a copy of this letter. Even if you do not sign the letter, the aforesaid will be considered to summarize the scope of my representation of you in this matter, unless you respond differently in writing prior to the time I begin your paperwork.

Informed consent to our use of publicly available information about your case. Our representation will involve public filings of information about your case, however personally identifying information ("PII") such as Social Security numbers, dates of birth, minor names, and bank account numbers are redacted from any filing. Our representation may also result in a published decision in your case. We hereby seek your informed consent to refer to your case and/or to discuss information about your case that is contained in public records on our website, through social media accounts, and while speaking to the media, other lawyers and at educational programs. We would not discuss information that is nonpublic



Once you have filed bankruptcy, some creditors cease sending payment notices. If you intend to keep the collateral, and your plan states you will continue paying this creditor directly, you will need to make the appropriate payment. You can contact the creditor directly and ask the creditor to resume sending you payment notices.

You have a duty to amend your bankruptcy schedules if you acquire property after you file your case. If you obtain property after you file, let us know immediately so we are able to amend your schedules. This is particularly important if you become a Plaintiff in a lawsuit or have a right to sue someone, but applies to all assets you may acquire after filing your case.

If your payment is being made inside the plan, it is your responsibility to make sure the secured creditor has filed a claim. If not, you can file your own claim for this creditor, ask the creditor to file its claim or ask me to assist you in filing a claim on behalf of the creditor. My cost for filing the claim typically is $300. If the creditor is not paid in the bankruptcy, the creditor may seize the collateral after the bankruptcy is over. You can check www.13network.com to ensure secured creditors have filed claims. Twice a year, you will receive a statement from the Trustee showing the creditors who have filed claims. There may be certain unsecured creditors for whom you want to file a claim or be sure they have filed a claim. These include nondischargeable debts such as student loans or support payment.

Upon filing your Chapter 13 plan, you understand that most likely the Trustee will seek to deduct the plan payment directly from your paycheck, you can make the payment online or by mailing a check. You need to specify in your plan if you do not consent to such. If you consent, the Trustee will contact the employer listed on Schedule I. If there is a specific address to which you want the wage order sent, you need to specify that on Schedule I or in your plan. If you are married filing bankruptcy jointly, you may want to specify the source of the plan payment as being from only one spouse's paycheck. In reviewing your plan, it is your responsibility to ensure the information concerning wage deduction is as you want it to be.

Pursuant to 11 U.S.C. §107, documents filed with the court are public records and these records are available electronically via ECF/PACER. This allows the public to access your bankruptcy papers filed with the Court.

If you want me to attempt options other than bankruptcy, such as contacting your creditors to provide a payment plan or to negotiate a settlement or to file a lawsuit, you must provide me with your loan information and request such in writing. You also must pay any additional fee we agree upon. At this point, my representation of you does not include anything other than what is listed in this letter and on the Disclosure of Compensation Statement I will file with the Court. For example, you have not hired me to defend a foreclosure action or file an adversary proceeding.

You may have issues particular to your own case that require time spent investigating or consulting with others or legal research of state or federal law. I will charge you an additional fee either in advance of your bankruptcy filing as a charge separate from your bankruptcy fee or after your case has been filed, depending upon the timing of the research. Unless otherwise agreed, I will charge you the applicable hourly rate or a flat fee of $600 plus costs.

Approximately 30 days after you file your petition, you will be required to attend what is known as a first meeting of creditors. I will attend that meeting with you. You must attend that meeting, or the Court can dismiss your case. If that happens, you will forfeit your money paid to me and any money you pay to the Court. Sometimes the Trustee will continue your meeting if you have good cause for missing it. If the Court continues your meeting, I will charge you an additional $420 or hourly billing as my fee for having to reappear.



will pay third party costs in advance.  My fee is charged and the money paid is nonrefundable for any reason, even if your case is not confirmed.  You will need to pay $33 for one credit report, which I will pull. If I must pull an automated appraisal, you may have to pay an additional cost of $17.  If you cannot provide copies of tax returns, I may charge you to obtain a tax transcript.  You filed a motion *pro se* to pay the filing fee in installments and will need to follow the court order regarding installment payments.

My representation or fee does not include representing you in adversary proceedings.  If you need to file or defend an adversary proceeding, we can discuss the possibility of your retaining me to represent you.  My fee will be at least $420 per hour plus costs unless otherwise agreed.  If I file or defend an adversary proceeding, you will be deemed to have agreed to this rate unless otherwise stated by a separate retainer agreement.

If you later choose to convert to a case under Chapter 7, I will charge you the remaining balance of your Chapter 13 fee plus an additional fee of $900.   There is a Court fee of $25 to convert and $31 to add creditors.   These fees and costs are payable in advance of converting your case.

If the Court dismisses your case before confirming your plan, you may be entitled to a refund of your payments to the Trustee.  By signing this letter, you give this firm a lien upon your refund check.  This means you authorize this firm to apply the Trustee check toward the balance of any attorney's fees you owe this firm.

Once your paperwork is completed, you will need to review the petition, schedules and statements I prepare to ensure their accuracy and sign them under oath.  It is also very important that you disclose all of your prior bankruptcy cases.  You need to be sure these cases, if any, are listed on the petition.  If they are not, the Court may disgorge my fee or dismiss your bankruptcy case.  If this happens, I will withdraw as counsel and you must reimburse me for the portion of my fee disgorged.  By signing this letter, you agree to these terms.

You must completely and timely respond to my questionnaire, including providing me with a list all of your creditors and their addresses, the amount of your liabilities, your assets, your last filed tax return and your last 6 months' worth of pay stubs.  If you fail to cooperate or delay in getting information to me, I will charge you more or withdraw from your case and keep all money paid toward fees and costs as fees earned. If you terminate the attorney-client relationship, I also will keep all fees paid and expect payment for the remainder of the billing for any claims for fees filed in your case.

I will rely on the accuracy of the information you have provided to me.  Ultimately, you are solely responsible for any errors or omissions.  The Trustee will ask you under penalty of perjury at the first meeting of creditors if you have listed all of your assets and debts and liabilities and if everything on your petition, schedules and statements is correct.  If you think of any changes, you need to let me know, so that we can file an amendment.  I will not charge you a fee to prepare a first amendment.  However, my fee for any other amendments will be $500 for amendments to schedules, statements and your means test and $500 for other matters.  If there is a court cost associated with filing the amendment, you will need to pay that.

Certain creditors may have liens or judgments upon your real property.  I must have a copy of the lien or judgment in order to know how to treat the creditor correctly in the bankruptcy.  I strongly recommend you go to the courthouse and ask the RMC office to assist you in determining what liens and judgments are filed against you.  I cannot be held responsible if you do not provide me a copy of the liens or judgments.  I do not perform title work as part of the fee you pay to me.  There are various companies in the area who do perform title searches for a fee if you are unable to gather this information from the RMC office.

MOORE | TAYLOR
LAW FIRM

*Jane H. Downey*
*Direct dial: 803-454-1983*
*jane@mttlaw.com*

S. Jahue Moore
J. Mark Taylor
C. Vance Stricklin, Jr.
James Edward Bradley
Sheila McNair Robinson
Christian G. Spradley
William H. Edwards
Stanley L. Myers
Jane H. Downey
S. Jahue Moore, Jr.
John C. Bradley, Jr.
Melissa K. Moore
William B. Fortino
Ralph Nichols Riley, Jr.
Amber Cary Fulmer
Lester McGill Bell, Jr.
Bryan C. Letteer
Edward Hood Dawson
Sierra D. Carloni
Nicole E. Jackson
\- - - - - - - - - - - -
Robert D. Hazel
C. David Sawyer, Jr.
Billy C. Coleman
1916-2019

March 23, 2020

Jonathan K. Smith
2670 Sumter Hwy
Bishopville, SC 29010

Re: Jonathan K. Smith
Chapter 13
Retainer

Dear Jonathan:

This letter will serve as my retainer letter to define the services you have asked me to provide. You have requested I represent you in the Chapter 13 case you filed by yourself. I have agreed to take over as counsel for you on your Chapter 13 bankruptcy case for a nonrefundable initial base fee of $4,500 or my hourly rate whichever is higher. Of this, you have paid $2,000. I will ask for the fees to be paid through the plan but in the event they are not, such as if your case is dismissed, you will be liable for payment to me of the entire amount, regardless if your case succeeds. I have earned that entire fee as of the filing of your case. You do not get a discount off my fee if your case fails even if it fails prior to confirmation. You fee does not include researching information you have provided to determine whether it is correct or complete. You should consider hiring someone to perform a title search or judgment search for you.

Your initial fee includes analyzing your case from your questionnaire and documents you provide to me, offering bankruptcy options to you, inputting your paperwork, spending a reasonable amount of time answering questions, filing your case, including your first plan, attending your first scheduled meeting of creditors, and working with the Trustee to get your plan confirmed. My flat fee will include work performed until confirmation except for drafting or responding to motions. I will bill you $600 for most objections I file on your behalf both before and after confirmation. I will charge you an additional $420 per hour for court appearances pertaining to the objection or appearing in court because of an objection the Trustee or another creditor files in your case. Upon confirmation, I will remain your attorney, but you will need to pay me an additional fee for further work performed, as described above and in the attachment to this letter. Typically, I can put these fees in your plan payment. I will provide you with a list of standard expenses upon your request. You must pay my out of pocket costs, such as court costs, in advance of filing the pleading.

I may switch to hourly billing if your case takes more time than 10 hours to prepare. If I switch to hourly billing my hourly fee will be based upon the going rate at the time of service, and I will notify you of any change prior to billing you at a higher rate. Currently, my hourly rate is $420. I have assistants who bill at a rate of $220 per hour, and I will use them where economical for you while still providing you with quality service.

If I am billing you hourly, I will bill you seporately for all work until confirmation and after including telephone conferences, appearances, research or documents filed. I will bill you for my fees and costs. You

1700 Sunset Boulevard, West Columbia SC 29169 | PO Box 5709, West Columbia SC 29171
TEL 803.796.9160 FAX 803.791.8410 www.mooretaylorlaw.com
Member of American Board of Trial Advocates *Fellow of the American Academy of Matrimonial Lawyers *Certified Specialist in Bankruptcy & Debtor/Creditor Law *Retired

TO:     Trustee

RE:     Jonathan K. Smith
        Chapter 13
        Case No:

I hereby authorize the Trustee to send any refund that is owed to me directly to my attorney, Jane H. Downey and to make that check payable to her. This money serves as security for payment of attorney's fees pertaining to my bankruptcy case. I have given her and her firm a charging lien and retaining lien on all documents, property and funds relating to my representation as described herein as security for timely payment of all fees and costs due and payable. This lien is to protect Jane H. Downey and this law firm for work done or costs incurred.

Jonathan K. Smith

 **MOORE | TAYLOR**
LAW FIRM

 EXHIBIT

P.O. Box 5709
West Columbia, SC   29171
Tax I.D. Number: 57-0808395

Ph:(803) 796-9160          Fax:(803) 791-8410

Jonathan K. Smith                                             February 05, 2021

Smith, Jonathan K.                                    Invoice Number: 146978
2670 Sumter Hwy                                      File Number:131541-0001
Bishopville, SC   29010                           **Billed through: 02/05/2021**

RE: 131541-0001 - Jonathan K. Smith

### Administrative Tasks

| Date | | Description | Amount |
|---|---|---|---|
| Mar 22/2020 | CSF 0.10 Hrs x $220.00 | read and save emails from JAN and KR | $22.00 |
| Mar 24/2020 | CSF 0.20 Hrs x $220.00 | check email re order to extend, docket deadline, send to client and JHD. | $44.00 |
| Mar 24/2020 | JHD 0.10 Hrs x $420.00 | email with client re d/l; review extension order. | $42.00 |
| Mar 24/2020 | CSF 0.30 Hrs x $220.00 | Draft 341 letter, print letter, scan, save scan in file, drop in mail box. | $66.00 |
| Mar 29/2020 | JHD 0.10 Hrs x $420.00 | email client answer question re Synovus | $42.00 |
| Mar 30/2020 | CSF 0.40 Hrs x $220.00 | Review several emails from JHD, review Tax notice, and tax returns in file | $88.00 |
| Mar 30/2020 | CSF 0.20 Hrs x $220.00 | Review emails between client and JHD re IRS, check credit report and send follow up email | $44.00 |
| Mar 31/2020 | CSF 0.10 Hrs x $220.00 | Email with client re mortgage and set up phone call for client and JHD | $22.00 |
| Mar 31/2020 | CSF 0.20 Hrs x $220.00 | review older emails from client and JHD | $44.00 |
| Mar 31/2020 | JHD 0.10 Hrs x $420.00 | email client re signing schedules. | $42.00 |
| Apr 01/2020 | CSF 0.10 Hrs x $220.00 | Save emails in file | $22.00 |
| Apr 01/2020 | CSF 0.10 Hrs x $220.00 | Email to client re mortgage statement | $22.00 |
| Apr 01/2020 | CSF 0.10 Hrs x $220.00 | Email to JHD re phone consult with client | $22.00 |
| Apr 02/2020 | CSF 0.10 Hrs x $220.00 | Respond to email re LM | $22.00 |

RE: 131541-0001 - Jonathan K. Smith

02/05/2021                                                                                      Page 2 of 19
Invoice Number : 146978

| Date | Service | Description | Amount |
|---|---|---|---|
| Apr 03/2020 | CSF 0.20 Hrs x $220.00 | save notice of 341 in file/check notice of bankruptcy/ send client the notice and request docs | $44.00 |
| Apr 07/2020 | CSF 0.10 Hrs x $220.00 | review email from client and save in file for 341 meeting | $22.00 |
| Apr 08/2020 | CSF 0.10 Hrs x $220.00 | add chapter 13 billing to file and apply unapplied cash | $22.00 |
| Apr 08/2020 | CSF 0.10 Hrs x $220.00 | email to client re zoom call with JHD | $22.00 |
| Apr 09/2020 | CSF 0.10 Hrs x $220.00 | review email from client and fwd to JHD re zoom | $22.00 |
| Apr 09/2020 | CSF 0.10 Hrs x $220.00 | Sent JHD email re appointment | $22.00 |
| Apr 14/2020 | CSF 0.10 Hrs x $220.00 | prepare documents for client and email to client and JHD | $22.00 |
| Apr 16/2020 | CSF 0.10 Hrs x $220.00 | call bk court re deficiency | $22.00 |
| Apr 20/2020 | CSF 0.50 Hrs x $220.00 | redact 2018 tax returns and upload documents to TE | $110.00 |
| Apr 21/2020 | CSF 0.30 Hrs x $220.00 | fill out 341 sheets and email client | $66.00 |
| Apr 21/2020 | CSF 0.10 Hrs x $220.00 | phone call to bk court | $22.00 |
| Apr 21/2020 | CSF 0.20 Hrs x $220.00 | draft letter to the court | $44.00 |
| Apr 21/2020 | CSF 0.20 Hrs x $220.00 | prepare and file correspondence with the court | $44.00 |
| Apr 22/2020 | CSF 0.40 Hrs x $220.00 | review IRS claim and bestcase, prepare 341 authorization and upload to TE | $88.00 |
| Apr 24/2020 | CSF 0.10 Hrs x $220.00 | review client email and respond re TE payment address | $22.00 |
| Apr 24/2020 | CSF 0.10 Hrs x $220.00 | phone call with client | $22.00 |
| Apr 24/2020 | CSF 0.10 Hrs x $220.00 | review emails from JHD and client re bank closing client's account | $22.00 |
| Apr 27/2020 | CSF 0.10 Hrs x $220.00 | review email from JHD re mortgage payment | $22.00 |
| Apr 27/2020 | CSF 0.10 Hrs x $220.00 | send client call in instructions for 341 | $22.00 |
| May 05/2020 | CSF 0.30 Hrs x $220.00 | upload documents to trustee | $66.00 |
| May 06/2020 | JAN 0.40 Hrs x $220.00 | discuss TE notes, plan & motion with CSF | $88.00 |
| May 06/2020 | CSF 0.10 Hrs x $220.00 | review email from TE and forward to client re business questionnaire | $22.00 |
| May 07/2020 | CSF 0.10 Hrs x $220.00 | review email from JHD, check 13 network and report back | $22.00 |

RE: 131541-0001 - Jonathan K. Smith

02/05/2021                                                                                      Page 3 of 19
Invoice Number : 146978

| Date | | Description | Amount |
|------|---|-------------|--------|
| May 11/2020 | CSF 0.10 Hrs x $220.00 | follow up email to client re additional TE Documents | $22.00 |
| May 27/2020 | CSF 1.10 Hrs x $220.00 | redact tax returns and upload business documents to trustee | $242.00 |
| Jun 01/2020 | CSF 0.20 Hrs x $220.00 | research rules, emails back and forth with JHD | $44.00 |
| Jun 05/2020 | CSF 0.20 Hrs x $220.00 | review order, save in file, edit calendar, review and respond to emails from JHD | $44.00 |
| Jun 29/2020 | CSF 0.10 Hrs x $220.00 | review email from JHD and client and respond | $22.00 |
| Jun 29/2020 | CSF 0.30 Hrs x $220.00 | review emails from JHD, check court calendar, file withdraw and pleading for upcoming hearing, save emails in file. | $66.00 |
| Jun 29/2020 | CSF 0.10 Hrs x $220.00 | review email re withdraw and respond to Nicole | $22.00 |
| Jun 29/2020 | CSF 0.20 Hrs x $220.00 | email with court, file corrected withdrawal | $44.00 |
| Jul 20/2020 | CSF 0.10 Hrs x $220.00 | send email to client with amendment to sign | $22.00 |
| Aug 07/2020 | CSF 0.10 Hrs x $220.00 | edit calendar | $22.00 |
| Aug 28/2020 | CSF 0.30 Hrs x $220.00 | review email from client, check 13 network and respond to client re payments | $66.00 |
| Sep 25/2020 | CSF 0.10 Hrs x $220.00 | review save email in file/add deadline to calendar | $22.00 |
| Nov 03/2020 | CSF 0.20 Hrs x $220.00 | send client step by step directions on how to sign on to 13 network | $44.00 |
| Nov 10/2020 | CSF 0.20 Hrs x $220.00 | check pacer and court calendar | $44.00 |
| Dec 08/2020 | CSF 0.10 Hrs x $220.00 | review email and add call-in instructions to calendar for JHD | $22.00 |
| Dec 09/2020 | CSF 0.50 Hrs x $220.00 | prepare for hearing and search 13 network | $110.00 |
| | | **TOTAL** | **$2,282.00** |

*Claims*

| Date | | Description | Amount |
|------|---|-------------|--------|
| Mar 25/2020 | CSF 0.60 Hrs x $220.00 | review claims filed in case, add addresses and creditors to Bestcase, email client, send email to creditor | $132.00 |
| Apr 27/2020 | CSF 0.10 Hrs x $220.00 | review SLS poc/compare to schedules. | $22.00 |

RE: 131541-0001 - Jonathan K. Smith

02/05/2021                                                                                    Page 4 of 19
Invoice Number : 146978

| Apr 28/2020 | JHD 0.10 Hrs x $420.00 | email IRS; attempt to call IRS re claim. | $42.00 |
|---|---|---|---|
| Apr 28/2020 | JHD 0.10 Hrs x $420.00 | email IRS. | $42.00 |
| May 08/2020 | JHD 0.10 Hrs x $420.00 | Review BB&T 2nd mortgage. | $42.00 |
| May 08/2020 | CSF 0.20 Hrs x $220.00 | review file and BB&T claim | $44.00 |
| May 11/2020 | CSF 0.10 Hrs x $220.00 | review Cavalry poc and save in file | $22.00 |
| May 21/2020 | JHD 0.10 Hrs x $420.00 | email Larry re IRS debt | $42.00 |
| Jun 02/2020 | CSF 0.40 Hrs x $220.00 | review claims, review email from TE, and resend pictures uploaded | $88.00 |
| Jun 02/2020 | CSF 0.20 Hrs x $220.00 | review poc and compare to other claim and motion , saved in file | $44.00 |
| Jul 01/2020 | CSF 0.10 Hrs x $220.00 | review poc and respond to JHD | $22.00 |
| Aug 04/2020 | CSF 0.10 Hrs x $220.00 | review IRS amended claim and send to client | $22.00 |
| | | **TOTAL** | **$564.00** |

*Financing*

| May 12/2020 | JHD 0.80 Hrs x $420.00 | email client; talk to Mike Brooks re Financing | $336.00 |
|---|---|---|---|
| Jun 04/2020 | JHD 0.10 Hrs x $420.00 | emails re financing. | $42.00 |
| Jun 09/2020 | JHD 0.10 Hrs x $420.00 | email DOR re subordination. | $42.00 |
| Jun 10/2020 | JHD 0.10 Hrs x $420.00 | email client re plan and financing. | $42.00 |
| Jun 15/2020 | JHD 0.10 Hrs x $420.00 | email Jon re financing | $42.00 |
| Jun 17/2020 | JHD 0.10 Hrs x $420.00 | email Jon re refinance. | $42.00 |
| Jul 07/2020 | JHD 0.10 Hrs x $420.00 | email Jon and lender. | $42.00 |
| Jul 07/2020 | CSF 0.10 Hrs x $220.00 | review email re financing with client and JHD | $22.00 |
| Jul 09/2020 | JHD 0.10 Hrs x $420.00 | email re financing | $42.00 |
| Jul 09/2020 | JHD 0.10 Hrs x $420.00 | email lender re financing | $42.00 |
| Jul 09/2020 | JHD 0.10 Hrs x $420.00 | email re financing | $42.00 |
| Jul 09/2020 | JHD 0.10 Hrs x $420.00 | email Greg after speaking with him re financing | $42.00 |
| Jul 09/2020 | JHD 0.10 Hrs x $420.00 | email with client re loan. | $42.00 |
| Jul 10/2020 | JHD 0.10 Hrs x $420.00 | email lender re appraisal. | $42.00 |
| Jul 10/2020 | JHD 0.10 Hrs x $420.00 | email lender re financing | $42.00 |

RE: 131541-0001 - Jonathan K. Smith

| Jul 13/2020 | JHD 0.40 Hrs x $420.00 | tcw Jon re documents and money to close. | $168.00 |
|---|---|---|---|
| Jul 15/2020 | JHD 0.10 Hrs x $420.00 | tcw creditor about closing date | $42.00 |
| Jul 21/2020 | JHD 0.30 Hrs x $420.00 | email Jon re Itria; tcw Ted von Keller re same; tcw closing lawyer. | $126.00 |
| Jul 27/2020 | JHD 0.80 Hrs x $420.00 | tcw Greg re refinance; review and distribute court order. | $336.00 |
| Jul 27/2020 | JHD 0.10 Hrs x $420.00 | email from Jon re closing | $42.00 |
| Jul 28/2020 | JHD 0.50 Hrs x $420.00 | tcw client re closing matters. | $210.00 |
| Jul 29/2020 | CSF 0.30 Hrs x $220.00 | phone call with Nathan, phone call with Jane, email closing attorney | $66.00 |
| Jul 31/2020 | JHD 0.50 Hrs x $420.00 | tcw lender about loan closing; email te. | $210.00 |
| Jul 31/2020 | JHD 0.10 Hrs x $420.00 | email with lenders about loan. | $42.00 |
| Jul 31/2020 | JHD 0.10 Hrs x $420.00 | email loan structure. | $42.00 |
| Aug 03/2020 | JHD 0.10 Hrs x $420.00 | email with John re closing statement. | $42.00 |
| Aug 03/2020 | JHD 0.10 Hrs x $420.00 | email Brian and CPCM re closing | $42.00 |
| Aug 04/2020 | JHD 0.10 Hrs x $420.00 | email Louis re closing. | $42.00 |
| Aug 04/2020 | JHD 0.10 Hrs x $420.00 | email client re funds. | $42.00 |
| Aug 21/2020 | JHD 0.10 Hrs x $420.00 | email from Louis Spencer re closing. | $42.00 |
| Aug 21/2020 | JHD 0.10 Hrs x $420.00 | tcw Bart re loan; report to client. | $42.00 |
| Aug 21/2020 | JHD 0.10 Hrs x $420.00 | tcw lender; email client re deadline with CPCM | $42.00 |
| Aug 21/2020 | JHD 0.10 Hrs x $420.00 | email lender re funds | $42.00 |
| Aug 28/2020 | CSF 0.10 Hrs x $220.00 | email JHD message from client re financing | $22.00 |
| Sep 29/2020 | JHD 0.10 Hrs x $420.00 | email Greg re financing for settlement | $42.00 |
| Jan 15/2021 | JHD 0.10 Hrs x $420.00 | email client re terms of SBA loan | $42.00 |
| Jan 21/2021 | JHD 0.10 Hrs x $420.00 | email Jon and lender about SBA loan details. | $42.00 |
| Jan 22/2021 | CSF 0.20 Hrs x $220.00 | review emails re new loan | $44.00 |
| Jan 25/2021 | JHD 0.10 Hrs x $420.00 | email broker for SBA loan to determine collateral | $42.00 |
| Jan 26/2021 | CSF 0.10 Hrs x $220.00 | review several emails re SBA loan | $22.00 |

RE: 131541-0001 - Jonathan K. Smith

02/05/2021
Invoice Number : 146978

|  |  | **TOTAL** | $2,780.00 |
|---|---|---|---|

*Motions*

| Date | Attorney/Rate | Description | Amount |
|---|---|---|---|
| Mar 23/2020 | JHD 0.10 Hrs x $420.00 | Review motion to extend. | $42.00 |
| Mar 23/2020 | JHD 0.10 Hrs x $420.00 | email Jon re extension. | $42.00 |
| Apr 01/2020 | CSF 0.60 Hrs x $220.00 | Draft 2nd motion to extend time, file/serve motion | $132.00 |
| May 06/2020 | CSF 0.50 Hrs x $220.00 | prepare motions to value IRS and SCDOR | $110.00 |
| May 06/2020 | JAN 0.10 Hrs x $220.00 | emails with CSF re SCDOR | $22.00 |
| May 06/2020 | CSF 0.30 Hrs x $220.00 | edit-finish draft of motions to value | $66.00 |
| May 11/2020 | CSF 0.30 Hrs x $220.00 | review 362 motion, email client | $66.00 |
| May 11/2020 | JAN 0.10 Hrs x $220.00 | tcw CSF re claim filed; motion to value IRS | $22.00 |
| May 11/2020 | CSF 0.20 Hrs x $220.00 | phone call with JAN re motions, edit motions and send to JHD | $44.00 |
| May 11/2020 | JHD 0.10 Hrs x $420.00 | Edit motions to value tax claims. | $42.00 |
| May 11/2020 | CSF 0.10 Hrs x $220.00 | email JHD re smith response to 362 motion | $22.00 |
| May 12/2020 | CSF 0.60 Hrs x $220.00 | save pleadings in file, docket deadlines, and draft objection to 362 motion | $132.00 |
| May 13/2020 | JHD 0.10 Hrs x $420.00 | tcw CPCM attorney re settlement | $42.00 |
| May 13/2020 | CSF 0.10 Hrs x $220.00 | review and respond to email from JHD re motion objection | $22.00 |
| May 13/2020 | CSF 0.20 Hrs x $220.00 | review second 362 motion filed, save in file , email to JHD , check docket and docket deadlines and hearing | $44.00 |
| May 13/2020 | JHD 0.10 Hrs x $420.00 | Read 362. | $42.00 |
| May 13/2020 | JHD 0.10 Hrs x $420.00 | email client re 362 motion | $42.00 |
| May 13/2020 | CSF 0.10 Hrs x $220.00 | review research and respond to email from JHD re 362 motion | $22.00 |
| May 14/2020 | JHD 0.10 Hrs x $420.00 | email client and Larry Godwin re tax debt. | $42.00 |
| May 14/2020 | CSF 0.40 Hrs x $220.00 | prepare, file and serve objection to 362 motion, edit calendar | $88.00 |
| May 18/2020 | JHD 0.10 Hrs x $420.00 | email from Louis re appraisal | $42.00 |
| May 19/2020 | JHD 0.10 Hrs x $420.00 | email client re 362. | $42.00 |

RE: 131541-0001 - Jonathan K. Smith

02/05/2021

Page 7 of 19

Invoice Number : 146978

| Date | Description | Detail | Amount |
|---|---|---|---|
| May 19/2020 | JHD 0.10 Hrs x $420.00 | email from Louis Spencer re appraisal | $42.00 |
| May 26/2020 | JHD 0.10 Hrs x $420.00 | email with Louis re hearing; tcw Jon re same. | $42.00 |
| May 26/2020 | JHD 0.10 Hrs x $420.00 | receive email re appraisal. | $42.00 |
| May 27/2020 | CSF 1.60 Hrs x $220.00 | work on file, phone call with JHD, prepare and file motions | $352.00 |
| May 28/2020 | JHD 0.30 Hrs x $420.00 | tcw client and email CPCM and Te re loan status | $126.00 |
| May 29/2020 | JHD 0.10 Hrs x $420.00 | email client RE 362 defense | $42.00 |
| May 29/2020 | JHD 0.10 Hrs x $420.00 | email Nathan re continuance | $42.00 |
| May 29/2020 | JHD 0.10 Hrs x $420.00 | email court re continuance | $42.00 |
| May 29/2020 | CSF 0.80 Hrs x $220.00 | review several emails, motions filed, docket, save documents in file, prepare an amended plan, email to JHD | $176.00 |
| Jun 01/2020 | CSF 0.20 Hrs x $220.00 | email and phone call to client re hearing | $44.00 |
| Jun 01/2020 | CSF 0.20 Hrs x $220.00 | email JHD documents for 362 hearing | $44.00 |
| Jun 01/2020 | JHD 0.20 Hrs x $420.00 | email client after talking with CPCM. | $84.00 |
| Jun 01/2020 | JHD 0.10 Hrs x $420.00 | email client re 362 | $42.00 |
| Jun 01/2020 | JHD 0.10 Hrs x $420.00 | email Louis and client re new offer not involving financing; read emails from Mike Brooks | $42.00 |
| Jun 02/2020 | JHD 0.80 Hrs x $420.00 | tcw client; email CPCM; Attend court. | $336.00 |
| Jun 04/2020 | JHD 0.10 Hrs x $420.00 | emails with IRS re subordination. | $42.00 |
| Jun 08/2020 | JHD 0.10 Hrs x $420.00 | email CPCM re 362. | $42.00 |
| Jun 08/2020 | JHD 0.10 Hrs x $420.00 | review court emails with Nathan re settlement order. | $42.00 |
| Jun 09/2020 | JHD 0.10 Hrs x $420.00 | Review order; email from CPCM. | $42.00 |
| Jun 12/2020 | JHD 0.10 Hrs x $420.00 | email with CPCM re settlement | $42.00 |
| Jun 17/2020 | JHD 0.10 Hrs x $420.00 | email Spencer re settlement | $42.00 |
| Jun 26/2020 | JHD 0.10 Hrs x $420.00 | email IRS re motion to value | $42.00 |
| Jun 26/2020 | JHD 0.10 Hrs x $420.00 | email Jon re appraisal | $42.00 |
| Jun 29/2020 | JHD 0.10 Hrs x $420.00 | email from te re motion with IRS | $42.00 |

RE: 131541-0001 - Jonathan K. Smith

02/05/2021                                                                                                    Page 8 of 19
Invoice Number : 146978

| | | | |
|---|---|---|---|
| Jun 29/2020 | CSF 0.20 Hrs x $220.00 | read email between JHD and IRS and send JHD email re motions to determine what to prepare | $44.00 |
| Jul 06/2020 | JHD 0.10 Hrs x $420.00 | email from client re settlement with CPCM | $42.00 |
| Jul 07/2020 | JHD 0.10 Hrs x $420.00 | Review settlement agreement and discuss with Nathan and Jon. | $42.00 |
| Jul 09/2020 | CSF 0.10 Hrs x $220.00 | review emails from JHD re motion to incur debt | $22.00 |
| Jul 09/2020 | CSF 0.10 Hrs x $220.00 | draft motion to incur debt | $22.00 |
| Jul 09/2020 | CSF 1.30 Hrs x $220.00 | find documents for JHD and email, draft motion to incur debt and motion to expedite hearing, phone call with JAN re motions. | $286.00 |
| Jul 10/2020 | CSF 0.80 Hrs x $220.00 | edit both motions, phone call with JAN | $176.00 |
| Jul 10/2020 | JAN 0.40 Hrs x $220.00 | help CSF with expedited hearing issues | $88.00 |
| Jul 10/2020 | JHD 0.10 Hrs x $420.00 | email CPCM re settlement | $42.00 |
| Jul 10/2020 | CSF 1.50 Hrs x $220.00 | find fax numbers and emails for all creditors | $330.00 |
| Jul 10/2020 | JHD 0.70 Hrs x $420.00 | email and tcw Nathan re settlement | $294.00 |
| Jul 10/2020 | JHD 0.10 Hrs x $420.00 | Edit motion to incur debt. | $42.00 |
| Jul 13/2020 | CSF 1.00 Hrs x $220.00 | review several emails re financing and edit motions | $220.00 |
| Jul 13/2020 | CSF 0.40 Hrs x $220.00 | edit motions and send draft to Greg | $88.00 |
| Jul 13/2020 | CSF 0.10 Hrs x $220.00 | Phone call with JHD re motions to incur debt | $22.00 |
| Jul 13/2020 | CSF 0.30 Hrs x $220.00 | review motion, edit calendar, send client email | $66.00 |
| Jul 13/2020 | CSF 0.10 Hrs x $220.00 | edit motion to incur debt | $22.00 |
| Jul 13/2020 | JHD 0.10 Hrs x $420.00 | email CPCM re settlement | $42.00 |
| Jul 13/2020 | JHD 0.10 Hrs x $420.00 | email CPCM re settlement | $42.00 |
| Jul 13/2020 | JHD 0.10 Hrs x $420.00 | Edit motions to incur debt | $42.00 |
| Jul 14/2020 | CSF 0.60 Hrs x $220.00 | prepare documents for filing re motion to incur debt | $132.00 |
| Jul 14/2020 | CSF 0.50 Hrs x $220.00 | phone call with court and file motion to incur debt and motion to expedite | $110.00 |
| Jul 14/2020 | JHD 0.10 Hrs x $420.00 | email Jon re motions | $42.00 |

RE: 131541-0001 - Jonathan K. Smith

02/05/2021
Invoice Number: 146978

| | | | |
|---|---|---|---|
| Jul 14/2020 | CSF 1.10 Hrs x $220.00 | service of order and motion | $242.00 |
| Jul 14/2020 | CSF 1.60 Hrs x $220.00 | Service of order and motion | $352.00 |
| Jul 14/2020 | CSF 2.30 Hrs x $220.00 | service of order | $506.00 |
| Jul 14/2020 | CSF 1.20 Hrs x $220.00 | service of order and draft and file cs for motion to incur debt | $264.00 |
| Jul 15/2020 | CSF 0.50 Hrs x $220.00 | review emails and texts from JHD and edit order | $110.00 |
| Jul 15/2020 | CSF 0.50 Hrs x $220.00 | prepare and file proposed order, review emails | $110.00 |
| Jul 15/2020 | JHD 0.10 Hrs x $420.00 | email CPCM re settlement funds delay | $42.00 |
| Jul 21/2020 | CSF 0.30 Hrs x $220.00 | draft new proposed order for motion , edit calendar | $66.00 |
| Jul 21/2020 | CSF 0.10 Hrs x $220.00 | filed amended proposed order | $22.00 |
| Jul 21/2020 | JHD 0.10 Hrs x $420.00 | tcw Ted about subordination; tcw Jon re same. | $42.00 |
| Jul 22/2020 | CSF 0.50 Hrs x $220.00 | prepare JHD for court | $110.00 |
| Jul 22/2020 | CSF 0.30 Hrs x $220.00 | edit proposed order | $66.00 |
| Jul 22/2020 | JHD 0.50 Hrs x $420.00 | Attend court; revise order. | $210.00 |
| Jul 22/2020 | CSF 0.20 Hrs x $220.00 | edit proposed order and produce pdf | $44.00 |
| Jul 22/2020 | CSF 0.80 Hrs x $220.00 | phone call with JHD, review emails, email with court, prepare and file proposed order | $176.00 |
| Jul 24/2020 | CSF 0.10 Hrs x $220.00 | follow up with bk court re order to incur debt | $22.00 |
| Jul 29/2020 | CSF 0.20 Hrs x $220.00 | phone call with Nathan re wiring instructions | $44.00 |
| Jul 29/2020 | JHD 0.10 Hrs x $420.00 | Review subordination agreement. | $42.00 |
| Aug 02/2020 | JHD 0.10 Hrs x $420.00 | email Jon about deadline re settlement with CPCM | $42.00 |
| Aug 03/2020 | JHD 0.10 Hrs x $420.00 | email with te re supplemental order to incur debt | $42.00 |
| Aug 04/2020 | JHD 0.10 Hrs x $420.00 | email with CPCM re 362 hearing; email te re same. | $42.00 |
| Aug 05/2020 | JHD 0.10 Hrs x $420.00 | email CPCM re JSOD | $42.00 |
| Aug 07/2020 | JHD 0.70 Hrs x $420.00 | email with court; tcw lender and Mike. | $294.00 |
| Aug 07/2020 | CSF 0.40 Hrs x $220.00 | prepare documents for JHD on | $88.00 |

RE: 131541-0001 - Jonathan K. Smith

02/05/2021                                                                                          Page 10 of 19
Invoice Number : 146978

| | | Monday's hearings | |
|---|---|---|---|
| Aug 07/2020 | JHD 0.20 Hrs x $420.00 | email CPCM re settlement and tcw Jon. | $84.00 |
| Aug 10/2020 | JHD 0.40 Hrs x $420.00 | email lender; attend court. | $168.00 |
| Aug 28/2020 | JHD 0.30 Hrs x $420.00 | email client re settlement; tcw Louis. | $126.00 |
| Aug 28/2020 | JHD 0.30 Hrs x $420.00 | tcw Louis re loan issues related to settlement | $126.00 |
| Aug 31/2020 | JHD 0.10 Hrs x $420.00 | email with CPCM re payment. | $42.00 |
| Aug 31/2020 | JHD 0.10 Hrs x $420.00 | email Louis re settlement | $42.00 |
| Sep 01/2020 | JHD 0.10 Hrs x $420.00 | email client re status of settlement. | $42.00 |
| Sep 03/2020 | JHD 0.10 Hrs x $420.00 | email CPCM re settlement offer | $42.00 |
| Sep 04/2020 | JHD 0.50 Hrs x $420.00 | tcw client and Louis Spencer about settlement offers. | $210.00 |
| Sep 08/2020 | JHD 0.10 Hrs x $420.00 | email Jon re info from CPCM. | $42.00 |
| Sep 08/2020 | JHD 0.10 Hrs x $420.00 | email from CPCM re settlement | $42.00 |
| Sep 08/2020 | JHD 0.10 Hrs x $420.00 | email client re balance due/settlement | $42.00 |
| Sep 08/2020 | JHD 0.10 Hrs x $420.00 | email client in response to his email re settlement | $42.00 |
| Sep 11/2020 | JHD 0.10 Hrs x $420.00 | email from client re settlement | $42.00 |
| Sep 11/2020 | JHD 0.10 Hrs x $420.00 | email Louis re settlement deadline | $42.00 |
| Sep 14/2020 | JHD 0.10 Hrs x $420.00 | emails with CPCM settlement offer from client and tax returns | $42.00 |
| Sep 15/2020 | JHD 0.10 Hrs x $420.00 | email with CPCM and Jon re offer. | $42.00 |
| Sep 16/2020 | JHD 0.10 Hrs x $420.00 | email Louis re proposed payment terms | $42.00 |
| Sep 16/2020 | JHD 0.10 Hrs x $420.00 | email client new offer upon getting new offer from CPCM | $42.00 |
| Sep 17/2020 | JHD 0.10 Hrs x $420.00 | email from CPCM confirming settlement; forward to client. | $42.00 |
| Sep 17/2020 | JHD 0.10 Hrs x $420.00 | emails with CPCM and Jon about payment terms. | $42.00 |
| Sep 17/2020 | JHD 0.10 Hrs x $420.00 | email client re offer; email te re confirmation. | $42.00 |
| Sep 17/2020 | JHD 0.10 Hrs x $420.00 | tcw client re agreement; email with Nathan. | $42.00 |
| Sep 21/2020 | JHD 0.10 Hrs x $420.00 | emails between me, CPCM and Te | $42.00 |

RE: 131541-0001 - Jonathan K. Smith

02/05/2021                                                                    Page 11 of 19
Invoice Number : 146978

|  |  |  re final payment terms and draft order |  |
| --- | --- | --- | --- |
| Sep 22/2020 | JHD 0.10 Hrs x $420.00 | email CPCM re order & forbearance agreement. | $42.00 |
| Sep 23/2020 | JHD 0.30 Hrs x $420.00 | email client re client's questions and concerns re settlement with CPCM, emails w/ CPCM re 362 hearing, read email from Te & from CPCM to Te, emails with CPCM re executing agreement & changes to language | $126.00 |
| Sep 23/2020 | CSF 0.10 Hrs x $220.00 | review email from JHD re settlement | $22.00 |
| Sep 23/2020 | JHD 0.10 Hrs x $420.00 | emails w/ CPCM re language of 362 order | $42.00 |
| Sep 24/2020 | JHD 0.40 Hrs x $420.00 | continued emails with CPCM re settlement docs | $168.00 |
| Sep 25/2020 | CSF 0.10 Hrs x $220.00 | email to JHD re consent order | $22.00 |
| Sep 26/2020 | JHD 0.10 Hrs x $420.00 | emails with CPCM and Te re 362 order | $42.00 |
| Sep 28/2020 | JHD 0.10 Hrs x $420.00 | review emails between court and CPCM re settlement order | $42.00 |
| Sep 29/2020 | CSF 0.10 Hrs x $220.00 | review and save proposed order for 362 motion | $22.00 |
| Sep 29/2020 | JHD 0.10 Hrs x $420.00 | tcw client re agreement; forward to CPCM. | $42.00 |
| Sep 30/2020 | JHD 0.10 Hrs x $420.00 | email from Louis re executed agreement; email him about wire. | $42.00 |
| Oct 05/2020 | JHD 0.10 Hrs x $420.00 | emails with CPCM and Te re change to order | $42.00 |
| Oct 06/2020 | JHD 0.20 Hrs x $420.00 | Email te re disbursement to CPCM; email CPCM re typo in order. | $84.00 |
| Oct 29/2020 | JHD 0.10 Hrs x $420.00 | email with CPCM re check | $42.00 |
| Jan 05/2021 | JHD 0.10 Hrs x $420.00 | email with CPCM re payment delayed by slow mail | $42.00 |
| Jan 22/2021 | CSF 0.40 Hrs x $220.00 | draft motion to incur debt | $88.00 |
| Jan 25/2021 | CSF 0.10 Hrs x $220.00 | email to JHD re no response from client re catch up on payments/TE Motion | $22.00 |
| Jan 25/2021 | CSF 0.40 Hrs x $220.00 | edit motion to incur debt and add Tax language | $88.00 |
| Jan 25/2021 | JHD 0.10 Hrs x $420.00 | edit motion to incur debt. | $42.00 |
| Jan 25/2021 | JHD 0.30 Hrs x $420.00 | tcw client re payment options; edit motion to incur debt. | $126.00 |

RE: 131541-0001 - Jonathan K. Smith

02/05/2021
Invoice Number : 146978

| Jan 25/2021 | CSF 0.10 Hrs x $220.00 | edit motion to add Itria | $22.00 |
| Jan 28/2021 | JHD 0.10 Hrs x $420.00 | email client re moratorium; email te re same. | $42.00 |
| Jan 28/2021 | CSF 0.40 Hrs x $220.00 | review email chain, research file re payments made and draft moratorium | $88.00 |
| Jan 29/2021 | CSF 0.70 Hrs x $220.00 | prepare and file motion for moratorium | $154.00 |
| Jan 29/2021 | JHD 0.20 Hrs x $420.00 | Edit motion for moratorium. | $84.00 |
| Feb 01/2021 | JHD 0.10 Hrs x $420.00 | email with te's office re motion for moratorium. | $42.00 |
| | | **TOTAL** | **$11,456.00** |

*Plan*

| Apr 01/2020 | CSF 1.60 Hrs x $220.00 | Calculating plan payment, edit plan, send client email re income and plan payment | $352.00 |
| Apr 02/2020 | CSF 0.40 Hrs x $220.00 | Make changes to plan and send client email | $88.00 |
| Apr 13/2020 | JAN 0.30 Hrs x $220.00 | tcw CSF to assist with plan/tax lien issues | $66.00 |
| Apr 13/2020 | CSF 0.10 Hrs x $220.00 | email to JHD re mortgage payments in the plan | $22.00 |
| Apr 14/2020 | JAN 0.20 Hrs x $220.00 | assist CSF with plan calculations | $44.00 |
| Apr 14/2020 | JAN 0.10 Hrs x $220.00 | tcw CSF re plan calculations | $22.00 |
| Apr 14/2020 | CSF 1.50 Hrs x $220.00 | Review emails from JHD, change schedules and recalculate and edit new plan, phone call to JHD and client | $330.00 |
| Apr 14/2020 | JHD 0.80 Hrs x $420.00 | tcw client; work on plan payment. | $336.00 |
| Apr 14/2020 | CSF 0.20 Hrs x $220.00 | edit plan | $44.00 |
| Apr 24/2020 | JHD 0.10 Hrs x $420.00 | Review te obj to plan; email client. | $42.00 |
| Apr 24/2020 | CSF 0.10 Hrs x $220.00 | review JHD email to client re TE obj to plan | $22.00 |
| May 04/2020 | CSF 0.10 Hrs x $220.00 | review and respond to email from SLS attorney re obj to plan | $22.00 |
| May 06/2020 | JHD 0.20 Hrs x $420.00 | email te re plan payment | $84.00 |
| May 07/2020 | JHD 0.10 Hrs x $420.00 | Review objections; email client. | $42.00 |
| May 07/2020 | CSF 0.20 Hrs x $220.00 | review objs filed and send to client and JHD | $44.00 |

RE: 131541-0001 - Jonathan K. Smith

| Date | Staff | Description | Amount |
|---|---|---|---|
| May 08/2020 | JHD 0.10 Hrs x $420.00 | email client re plan payment | $42.00 |
| May 11/2020 | CSF 0.10 Hrs x $220.00 | review email from JHD and TE re new plan terms | $22.00 |
| May 12/2020 | CSF 0.20 Hrs x $220.00 | review debtor's plan and respond to JHD email | $44.00 |
| May 12/2020 | JHD 0.10 Hrs x $420.00 | email IRS re work out long term payment | $42.00 |
| May 12/2020 | JHD 0.10 Hrs x $420.00 | email IRS re taxes. | $42.00 |
| May 13/2020 | CSF 0.50 Hrs x $220.00 | work on file, research and review case law for objection | $110.00 |
| May 14/2020 | JHD 0.10 Hrs x $420.00 | email Larry re IRS and plan payment | $42.00 |
| May 21/2020 | JHD 0.10 Hrs x $420.00 | email IRS re repayment options | $42.00 |
| May 26/2020 | CSF 0.10 Hrs x $0.00 | email to client re documents for confirmation | $22.00 |
| May 26/2020 | JHD 0.10 Hrs x $0.00 | email client re docs needed for confirmation. | $42.00 |
| May 27/2020 | CSF 0.40 Hrs x $0.00 | review fax from Keenan Stephenson, call and leave vm for JHD, call and leave vm for IRS, review motion to value | $88.00 |
| Jun 02/2020 | JHD 0.10 Hrs x $420.00 | tcw client re plan. | $42.00 |
| Jun 03/2020 | CSF 0.80 Hrs x $220.00 | work on new plan and change bestcase per plans | $176.00 |
| Jun 03/2020 | JAN 0.20 Hrs x $220.00 | tcw CSF re plan calculations | $44.00 |
| Jun 04/2020 | CSF 0.10 Hrs x $220.00 | amend plan and send draft to TE office | $22.00 |
| Jun 04/2020 | CSF 0.20 Hrs x $220.00 | edit plan and send to JHD to review | $44.00 |
| Jun 04/2020 | CSF 0.10 Hrs x $220.00 | review and respond to email re plan | $22.00 |
| Jun 04/2020 | CSF 0.10 Hrs x $220.00 | edit plan | $22.00 |
| Jun 04/2020 | CSF 0.10 Hrs x $220.00 | email from JHD to the court, email JHD re plan | $22.00 |
| Jun 04/2020 | JHD 0.10 Hrs x $420.00 | email Nathan about confirmation. | $42.00 |
| Jun 08/2020 | CSF 0.50 Hrs x $220.00 | email TE, phone call with JHD, edit plan, add cover sheet, send to client to review | $110.00 |
| Jun 08/2020 | CSF 0.10 Hrs x $220.00 | edit plan and send new plan to client, check 13network | $22.00 |
| Jun 10/2020 | CSF 0.10 Hrs x $220.00 | review emails between JHD and client re new plan | $22.00 |

RE: 131541-0001 - Jonathan K. Smith

| Jun 11/2020 | CSF 1.00 Hrs x $220.00 | prepare modified plan, file plan and notice, prepare cs and file | $220.00 |
| Jun 23/2020 | JHD 0.10 Hrs x $420.00 | email Keenan re confirmation. | $42.00 |
| Jun 23/2020 | CSF 0.20 Hrs x $220.00 | resend TE the judgments and upload them to TE website | $44.00 |
| Jun 23/2020 | CSF 0.10 Hrs x $220.00 | review emails re continued confirmation hearing | $22.00 |
| Jun 23/2020 | JHD 0.10 Hrs x $420.00 | emails with CPCM and trustee about confirmation. | $42.00 |
| Jul 01/2020 | CSF 0.20 Hrs x $220.00 | edit calendar and email JHD hearing documents re confirmation | $44.00 |
| Jul 01/2020 | CSF 0.10 Hrs x $220.00 | email to the court re confirmation dates | $22.00 |
| Jul 01/2020 | CSF 0.10 Hrs x $220.00 | review and respond to email from the court re date | $22.00 |
| Jul 02/2020 | CSF 0.10 Hrs x $220.00 | review objection to plan, save in file and send to client | $22.00 |
| Jul 02/2020 | JHD 0.30 Hrs x $420.00 | Attend confirmation hearing. | $126.00 |
| Jul 22/2020 | CSF 0.10 Hrs x $220.00 | email to client re te payments | $22.00 |
| Aug 24/2020 | JHD 0.10 Hrs x $420.00 | email with Nathan and trustee re continuance | $42.00 |
| Aug 24/2020 | CSF 0.50 Hrs x $220.00 | emails and texts with JHD, request for continuance | $110.00 |
| Aug 24/2020 | JHD 0.10 Hrs x $420.00 | email re request for continuance | $42.00 |
| Sep 21/2020 | JHD 0.10 Hrs x $420.00 | emails   with te and CPCM attorneys re confirmation and terms of settlement with CPCM | $42.00 |
| Sep 23/2020 | CSF 0.10 Hrs x $220.00 | email JHD re client signing forbearance agreement before confirmation hearing | $22.00 |
| Sep 23/2020 | JHD 0.10 Hrs x $420.00 | email CPCM re confirmation. | $42.00 |
| Sep 24/2020 | JHD 0.50 Hrs x $420.00 | Attend confirmation; review agreement; send to client. | $210.00 |
| Oct 06/2020 | JHD 0.10 Hrs x $420.00 | email from te re confirmation | $42.00 |
| Oct 08/2020 | CSF 0.50 Hrs x $220.00 | prepare file and serve cs for plan order | $110.00 |
| Oct 08/2020 | JHD 0.10 Hrs x $420.00 | Attend confirmation hearing. | $42.00 |
| Dec 08/2020 | JHD 0.10 Hrs x $420.00 | email with client re arrearage. | $42.00 |
| Jan 21/2021 | JHD 0.10 Hrs x $420.00 | email client re plan payment. | $42.00 |

RE: 131541-0001 - Jonathan K. Smith

02/05/2021                                                                                                          Page 15 of 19
Invoice Number : 146978

| Date | | Description | Amount |
|---|---|---|---|
| Jan 27/2021 | JHD 0.10 Hrs x $420.00 | email client re arrearage. | $42.00 |
| Jan 27/2021 | JHD 0.10 Hrs x $420.00 | email Te re options to resolve te's petition to dismiss and client re settlement options. | $42.00 |
| | | **TOTAL** | **$4,188.00** |

*Schedules/Statements*

| Date | | Description | Amount |
|---|---|---|---|
| Mar 23/2020 | CSF 2.30 Hrs x $220.00 | Complete information request to client, search public index and collect data, complete motion to extend, file and serve motion, and docket deadlines for case. | $506.00 |
| Mar 23/2020 | JHD 0.10 Hrs x $420.00 | email client re Itria and other judgments for schedules | $42.00 |
| Mar 23/2020 | CSF 1.10 Hrs x $220.00 | draft retainer, draft motion to extend time, download questionnaire, called client, sent retainer to Kennedy to mail , started info request. | $242.00 |
| Mar 24/2020 | CSF 0.10 Hrs x $220.00 | Read and reply to email from JHD re tax notices. | $22.00 |
| Mar 25/2020 | CSF 0.30 Hrs x $220.00 | research on debts and property | $66.00 |
| Mar 25/2020 | CSF 0.70 Hrs x $220.00 | Phone call with client, pulled credit report, added creditors and addresses to bestcase, sent client email | $154.00 |
| Mar 25/2020 | CSF 0.10 Hrs x $220.00 | review email from JHD re client's personal liability of debt | $22.00 |
| Mar 26/2020 | CSF 0.10 Hrs x $220.00 | Review email from client and forward to JHD re client's income for schedules | $22.00 |
| Mar 26/2020 | CSF 0.10 Hrs x $220.00 | Search BB&T bankruptcy address on google | $22.00 |
| Mar 26/2020 | JHD 0.10 Hrs x $420.00 | email client re loan mod. | $42.00 |
| Mar 26/2020 | CSF 0.70 Hrs x $220.00 | Review answers to information request, review emails with tax assessments | $154.00 |
| Mar 26/2020 | JHD 0.10 Hrs x $420.00 | email Jon re answers to   information request and value of business | $42.00 |
| Mar 27/2020 | CSF 0.10 Hrs x $220.00 | respond to JHD email re BBT on credit report | $22.00 |
| Mar 27/2020 | JAN 0.30 Hrs x $220.00 | review tax bills/descriptions of RE to assist CSF re. schedules | $66.00 |
| Mar 27/2020 | CSF 1.50 Hrs x $220.00 | Review tax map documents from client, several emails back and forth with client, phone call with client, research tax assessor website and | $330.00 |

RE: 131541-0001 - Jonathan K. Smith

02/05/2021                                                                          Page 16 of 19
Invoice Number : 146978

| | | update bestcase. | |
| Mar 27/2020 | CSF 0.60 Hrs x $220.00 | Review several emails from client and made changes to schedules | $132.00 |
| Mar 30/2020 | CSF 0.30 Hrs x $220.00 | review client emails, make changes to bestcase, forward email to JHD | $66.00 |
| Mar 30/2020 | JHD 0.10 Hrs x $420.00 | email client re taxes | $42.00 |
| Mar 30/2020 | JHD 0.10 Hrs x $420.00 | email Jon re liens. | $42.00 |
| Mar 30/2020 | CSF 0.10 Hrs x $220.00 | email to client re SCDOR and email to JHD | $22.00 |
| Mar 30/2020 | CSF 0.40 Hrs x $220.00 | edit bestcase and research on Lee County | $88.00 |
| Mar 30/2020 | CSF 0.30 Hrs x $220.00 | Review Pacer, documents filed by client, call IRS leave vm re proof of claim | $66.00 |
| Mar 30/2020 | CSF 0.10 Hrs x $220.00 | Phone call with IRS and email to JHD | $22.00 |
| Mar 31/2020 | CSF 0.10 Hrs x $220.00 | review email from client re taxes and send to JHD | $22.00 |
| Mar 31/2020 | JHD 0.10 Hrs x $420.00 | email with client re BB&T | $42.00 |
| Mar 31/2020 | CSF 0.70 Hrs x $220.00 | review federal liens, perform people map search and discover new liens, review poc filed by SCDOR, make changes to bestcase | $154.00 |
| Mar 31/2020 | CSF 0.10 Hrs x $220.00 | Phone call to collections agency for BB&T / emailed client and JHD | $22.00 |
| Mar 31/2020 | CSF 0.30 Hrs x $220.00 | review IRS documents from client | $66.00 |
| Apr 01/2020 | CSF 0.20 Hrs x $220.00 | Phone call with client, send email to client re l and J | $44.00 |
| Apr 01/2020 | JHD 0.10 Hrs x $420.00 | email client re budget. | $42.00 |
| Apr 01/2020 | CSF 0.30 Hrs x $220.00 | Update bestcase and phone call with creditor | $66.00 |
| Apr 01/2020 | CSF 0.10 Hrs x $220.00 | several emails from JHD and response re schedules | $22.00 |
| Apr 01/2020 | JAN 1.30 Hrs x $220.00 | assist CSF with treatment of tax and judgment liens and plan treatment | $286.00 |
| Apr 02/2020 | CSF 0.30 Hrs x $220.00 | Make changes to file, review order to extend time, save in file and send to client | $66.00 |
| Apr 06/2020 | CSF 0.10 Hrs x $220.00 | Review emails from JHD and client re income | $22.00 |
| Apr 06/2020 | CSF 0.40 Hrs x $220.00 | convert jpgs to pdf, make changes | $88.00 |

RE: 131541-0001 - Jonathan K. Smith

| Date | | Description | Amount |
|------|---|-------------|--------|
| | | to schedules, email client questions | |
| Apr 06/2020 | JHD 0.10 Hrs x $420.00 | email Jon re budget. | $42.00 |
| Apr 06/2020 | CSF 0.10 Hrs x $220.00 | Review client email re budget and respond | $22.00 |
| Apr 06/2020 | JHD 0.10 Hrs x $420.00 | email client re budget. | $42.00 |
| Apr 07/2020 | CSF 0.10 Hrs x $220.00 | review email re income | $22.00 |
| Apr 07/2020 | CSF 0.20 Hrs x $220.00 | review client's file/bestcase and send JHD email to confirm | $44.00 |
| Apr 07/2020 | CSF 0.20 Hrs x $220.00 | Make changes to I/J, Means test, email JHD update | $44.00 |
| Apr 08/2020 | CSF 0.60 Hrs x $220.00 | review Santander poc filed/save in file, make changes to schedule D and J, look up JW Chamber guidelines for LM Plan language and edit plan, send JHD email | $132.00 |
| Apr 09/2020 | CSF 0.80 Hrs x $220.00 | add amendment cover sheet to petition, make changes to petition, draft affidavit of income, send documents to client | $176.00 |
| Apr 09/2020 | JHD 2.00 Hrs x $420.00 | tcw client re plan & schedules. | $840.00 |
| Apr 13/2020 | CSF 0.20 Hrs x $220.00 | review emails from JHD make changes to schedules | $44.00 |
| Apr 13/2020 | CSF 0.80 Hrs x $220.00 | review mailing matrix on court website and compare to bestcase/add additional creditors on pacer to case | $176.00 |
| Apr 13/2020 | CSF 0.10 Hrs x $220.00 | send client email re mortgage payments | $22.00 |
| Apr 13/2020 | CSF 0.90 Hrs x $220.00 | make changes to schedules emails with JHD and client | $198.00 |
| Apr 13/2020 | CSF 0.20 Hrs x $220.00 | review foreclosure complaint | $44.00 |
| Apr 13/2020 | CSF 0.10 Hrs x $220.00 | make changes to schedules | $22.00 |
| Apr 13/2020 | JAN 0.30 Hrs x $220.00 | help CSF with lien research & judgments | $66.00 |
| Apr 13/2020 | CSF 0.90 Hrs x $220.00 | review foreclosure complaint do research on other creditors, make changes to bestcase | $198.00 |
| Apr 13/2020 | JHD 0.10 Hrs x $420.00 | talk to IRS. | $42.00 |
| Apr 14/2020 | CSF 0.20 Hrs x $220.00 | edit bestcase and email with JHD | $44.00 |
| Apr 14/2020 | CSF 0.20 Hrs x $220.00 | look up numbers for JHD and respond to email and update affidavit of income/send to client | $44.00 |

RE: 131541-0001 - Jonathan K. Smith

02/05/2021                                                                                      Page 18 of 19
Invoice Number : 146978

| Date | | Description | Amount |
|------|------|------|------|
| Apr 14/2020 | JAN 0.30 Hrs x $220.00 | assist CSF with valuation of IRS/plan | $66.00 |
| Apr 15/2020 | CSF 2.20 Hrs x $220.00 | prepare documents for filing, phone call with JHD and emails to client | $484.00 |
| Apr 21/2020 | CSF 0.40 Hrs x $220.00 | review email from JHD, review bestcase, email client back | $88.00 |
| Apr 28/2020 | JHD 0.70 Hrs x $420.00 | Attend 341. | $294.00 |
| Apr 28/2020 | JHD 0.10 Hrs x $420.00 | tcw Nathan White re CPCM. | $42.00 |
| Apr 28/2020 | JHD 0.60 Hrs x $420.00 | tcw Mike and Nathan re CPCM. | $252.00 |
| Apr 28/2020 | JHD 0.10 Hrs x $420.00 | email client re debt with CPCM | $42.00 |
| Apr 28/2020 | JHD 0.10 Hrs x $420.00 | email attorney re equitable right of redemption. | $42.00 |
| May 05/2020 | CSF 0.20 Hrs x $220.00 | review notes from te and emails with JHD | $44.00 |
| May 05/2020 | CSF 0.10 Hrs x $220.00 | review email from JHD re foreclosure | $22.00 |
| May 05/2020 | CSF 0.10 Hrs x $220.00 | email with client re TE notes | $22.00 |
| May 06/2020 | JHD 0.10 Hrs x $420.00 | email client re taxes. | $42.00 |
| May 06/2020 | CSF 1.40 Hrs x $220.00 | conversation with JHD and JAN, review notes, send te documents, edit plan | $308.00 |
| May 06/2020 | CSF 0.10 Hrs x $220.00 | review NOA and save in file | $22.00 |
| Jun 02/2020 | CSF 0.10 Hrs x $220.00 | follow up with JHD re answer to obj to schedules | $22.00 |
| Jul 20/2020 | CSF 0.10 Hrs x $220.00 | review schedules and report back to JHD | $22.00 |
| Jul 20/2020 | CSF 0.10 Hrs x $220.00 | review and respond to email re exemptions | $22.00 |
| Jul 20/2020 | CSF 0.10 Hrs x $220.00 | draft schedule c amendment | $22.00 |
| Jul 21/2020 | CSF 0.30 Hrs x $220.00 | file amended schedule c and save emails | $66.00 |
| Aug 07/2020 | CSF 0.10 Hrs x $220.00 | read email from JHD re cpcm | $22.00 |

**TOTAL**                                                                      **$7,386.00**

RE: 131541-0001 - Jonathan K. Smith

02/05/2021
Invoice Number : 146978

### RECAPITULATION

| | | | |
|---|---|---|---|
| Downey, Jane H., Partner | 29.10 hrs  @ | $420.00/hr | $12,222.00 |
| Freeman, Corey S., Staff | 70.70 hrs  @ | $220.00/hr | $15,554.00 |
| Nystrom, Jessica A., Staff | 4.00 hrs  @ | $220.00/hr | $880.00 |

**TOTAL FEES:** **$28,656.00**

TOTAL FEES $28,656.00

GRAND TOTAL

$28,656.00